UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 14-cr |
| v. | : | |
| BRANDON GOPAUL, | : | Violations: |
| Defendant. | : | 21 U.S.C. § 846 (Conspiracy to Distribute and Possess with Intent to Distribute Less Than 50 Kilograms of Marijuana) |
| | : | 18 U.S.C. § 1956(h) (Conspiracy to Launder Monetary Instruments) |
| | : | Forfeiture: 21 U.S.C. § 853(a), (p); 18 U.S.C. § 982(a)(1) |

## INFORMATION

The United States Attorney charges that:

### COUNT ONE

At various times, between approximately on or about October, 2010, to at least August, 2011, within the District of Columbia and elsewhere, **BRANDON GOPAUL**, did knowingly and willfully combine, conspire, confederate and agree with other persons both known and unknown, to unlawfully, knowingly, and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, and the said mixture and substance was less than 50 kilograms, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

**(Conspiracy to Distribute and Possess with Intent to Distribute Less Than 50 Kilograms of Marijuana, in violation of Title 21, United States Code, Section 846)**

### COUNT TWO

Between approximately on or about October, 2010, to at least August, 2011, within the District

of Columbia and elsewhere, **BRANDON GOPAUL**, did knowingly and willfully combine, conspire, confederate and agree with other persons both known and unknown, to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce with property that involved the proceeds of a specified unlawful activity, that is the distribution of a controlled substance, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and with the intent to promote the carrying on of a specified unlawful activity.

**(Conspiracy to Launder Monetary Instruments, in violation of Title 18, United States Code, Section 1956(h))**

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense. The United States will seek a forfeiture money judgment in the amount of $50,000.

2. Upon conviction of the offense alleged in Count Two, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in this offense, or any property traceable to such property. The United States will seek a forfeiture money judgment in the amount of $50,000.

3. If, as a result of any act or omission of the defendant, any of the property described above:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(p), any other property of the defendant, up to the value of the property described above.

**(Criminal Forfeiture, pursuant to Title 21, United States Code, Sections 853(a), (p) and Title 18, United States Code, Section 982(a)(1))**

Respectfully Submitted,
RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 447889

By: _____
ANTHONY SALER
Assistant United States Attorney
D.C. Bar No. 448254
555 4th Street, N.W., Room 4816
Washington, D.C. 20530
(202) 252-6971
Anthony.saler@usdoj.gov